OPINION
MARTHA HILL JAMISON, Justice.
On November 13, 2012, relator filed a petition for writ of mandamus in this Court. See Tex. Gov’t Code Ann. § 22.221; see also Tex.RApp. P. 52. In the petition, relator asks this Court to compel the Honorable Vanessa Velasquez, presiding judge of the 183rd District Court of Harris County to conduct a hearing on his applications for writ of habeas corpus filed March 11, 2004 and June 28, 2004, his motion to set aside indictment filed January 12, 2004, motion for written ruling filed January 8, 2004, and a motion for discovery and inspection of evidence. These motions were filed before relator was convicted on October 28, 2004. That conviction was affirmed on appeal. Jackson v. State, No. 01-04-01137-CR, 2005 WL 3072018 (Tex.App.-Houston [1st Dist.] Nov. 17, 2005, pet. withdrawn) (not designated for publication).
To be entitled to mandamus relief in a criminal case, a relator must show that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act, not involving *181 a discretionary or judicial decision. State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana, 236 S.W.3d 207, 210 (Tex.Crim.App.2007) (orig. proceeding). Because relator fails to demonstrate that he had no adequate remedy at law, the petition for writ of mandamus is denied. See In re Miller, 2003 WL 22976409, *1 (Tex.App.-Houston [14th Dist.] 2003, orig. proceeding) (mem. op., not designated for publication) (petition was denied as to relator’s challenge to the rulings on pretrial motions because relator had an adequate remedy by appeal.)
FROST, J. dissenting.